# Legality of an Executive Order Requiring Executive Departments and Independent Establishments to Make Monthly Financial Reports

Although the regulations prescribed by the proposed executive order, requiring executive departments and independent establishments to provide the Secretary of the Treasury with monthly financial reports, are not expressly authorized by any statute, the President has authority to issue the order by virtue of his inherent power as Chief Executive.

September 25, 1934

Through the Secretary of State

THE PRESIDENT

     THE WHITE HOUSE

My Dear Mr. President:

I am herewith transmitting a revised draft of a proposed Executive Order submitted by the Acting Director of the Budget under date of September 13, 1934.

The proposed order, presented by the Secretary of the Treasury, prescribes regulations requiring every executive department and independent establishment to furnish the Secretary of the Treasury a monthly statement of all bonds, notes, and other evidences of indebtedness held by it for the account of the United States, and requiring every corporation in which the government has a proprietary interest to furnish a monthly statement of its assets, liabilities, etc. The order further requires the Secretary of the Treasury to publish monthly on the Daily Statement of the United States Treasury a combined statement of the assets, liabilities, etc., reported pursuant to the provisions of the order, and authorizes the Secretary to prescribe such regulations as may be necessary for carrying the order into effect.

The evident purpose of the proposed order is to enable the Secretary of the Treasury, who is the chief fiscal officer of the government, to secure from the other executive agencies of the government data and information which will enable the President, through the Secretary, to determine more readily and accurately the financial condition of the government.

Although the regulations prescribed by the order are not expressly authorized by any statute, it is my view that the President has authority to issue the order by virtue of his inherent power as Chief Executive. The proposed regulations do not in any wise limit or control discretionary powers specifically vested in executive officers of the government by the Congress. The regulations are necessary to enable the President to properly exercise his executive functions in performing the duty placed upon him by the Constitution to take care that the laws are faithfully executed. The general principle involved is aptly stated by the Supreme Court in *Myers v. United States* as follows:

> The ordinary duties of officers prescribed by statute come under the general administrative control of the President by virtue of the general grant to him of the executive power, and he may properly supervise and guide their construction of the statutes under which they act in order to secure that unitary and uniform execution of the laws which Article II of the Constitution evidently contemplated in vesting general executive power in the President alone. . . . Of course there may be duties so peculiarly and specifically committed to the discretion of a particular officer as to raise a question whether the President may overrule or revise the officer's interpretation of his statutory duty in a particular instance.

272 U.S. 52, 135 (1926).

I have revised the draft of the order submitted in the interest of form but no change has been made in the substance.

The revised draft of the proposed order has my approval as to form and legality.

HOMER S. CUMMINGS
*Attorney General*